IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DELLAR GONZALEZ**            **PLAINTIFF**

**v.**            **No. 3:22-CV-260-MPM-RP**

**COMMISSIONER OF SOCIAL SECURITY**            **DEFENDANT**

**ORDER DENYING MOTION FOR RECONSIDERATION
OF THE COURT'S DENIAL OF COUNSEL'S
APPLICATION FOR *PRO HAC VICE* ADMISSION**

The plaintiff has asked the court to reconsider its order denying the application of non-resident attorney Bryan Konoski for *pro hac vice* admission. ECF #8. The plaintiff asserts two arguments: (1) he argues that the "five-case" limit is too restrictive given the limited number of attorneys that handle federal social security appeals, and (2) he argues Bryan Konoski did not "engage in" more than five cases within the last twelve (12) months. The court is not persuaded and finds the motion for reconsideration should be denied.

First, the plaintiff argues that there are only a limited number of attorneys who handle federal social security appeals in Mississippi. In support of this argument, the plaintiff relies upon a list of National Association of Disability Representatives that purportedly handle federal social security appeals. He claims that these are the only lawyers that regularly handle federal social security appeals, and as such, the court's limitation of five *pro hac* cases in the federal district courts in Mississippi in the previous 12 months is so stringent that it prevents claimants from having access to the federal courts in Mississippi. However, the court's own docket belies this argument. The undersigned currently has pending before him many federal social security appeals filed by five (5) different resident attorneys, none of whom are listed on the National Association of Disability Representatives list provided by plaintiff's counsel. The argument that

claimants do not have access to the federal courts of Mississippi due to the strict *pro hac vice* rule is without merit.

Second, the plaintiff argues that Mr. Konoski has not technically "appeared in" more than five (5) cases in the preceding 12 months, and that instead he currently only has an appearance in two (2) cases. Local Uniform Civil Rule 83.1(d)(7)(D) provides that an application ordinarily should be granted unless the court finds there is reason to believe, among other things, that "the applicant has engaged in more than five (5) separate unrelated cases or other matters before the Northern and Southern Districts of the federal courts of this state within the last twelve (12) months immediately preceding the appearance in question." The plaintiff asserts that Mr. Konoski did not "engage in" more than five (5) unrelated cases in the last 12 months as only 2 of the 6 cases in which he has appeared were initiated within the last 12 months. [1] The remaining four (4) cases were initiated more than 12 months ago. However, this argument ignores the plain language of the rule. The rule does not limit the appearance to the date the case was initiated, but instead clearly uses the term "engaged in" which encompasses the entirety of the litigation. Mr. Konoski has engaged in six (6) cases in the Northern and Southern Districts of Mississippi in the preceding 12 months, and as such his *pro hac vice* application in this case was properly denied.

For these reasons, the Motion to Reconsider is hereby DENIED.

**SO ORDERED**, this the 5th day of January, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Konoski has appeared in three cases in the Northern District of Mississippi: *Pulliam v. Commissioner*, no. 3:22-cv-12-NBB-DAS; *Washington v. Commissioner,* no. 3:22cv30-RP (closed on August 18, 2022); Reese v. Kijakazi, no. 4:21cv128-JMV; and three cases in the Southern District of Mississippi: *Miller v. COmmissioner*, no. 1:20-cv-382-FKB (closed September 1, 2022); *Verret v. Commissioner*, no. 1:21cv93-HSO-MTP (closed August 3, 2022); and *Flood v. Commissioner*, no. 3:20cv817-HTW-BWR (closed September 12, 2022). The case in which he has another pending application is *Tramel v. Kijakazi,* no. 3:22cv174-GHD-DAS.